**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEONARR MOORE,

        Plaintiff,

vs.                                      CASE NO. 2:08-CV-15168
                                            HONORABLE GERALD E. ROSEN
                                            CHIEF UNITED STATES DISTRICT JUDGE

NATHAN VANTIFFLIN, et. al.

        Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the at the Saginaw County Jail in Saginaw, Michigan. On December 18, 2008, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide an application to proceed without prepayment of fees and costs, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order.

Plaintiff provided this Court with a copy of the application to proceed without prepayment of fees at the time that he filed his complaint. However, the certification section of the application to proceed without prepayment of fees was left blank and unsigned by plaintiff's custodian or designee.

1

On December 29, 2008, plaintiff submitted a current computerized trust fund account to this Court. Plaintiff, however, failed to submit a signed certification regarding his jail trust fund account with these documents.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

In the present case, plaintiff has failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure

the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004). Plaintiff has therefore failed to correct the deficiency in this case.

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: January 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2009, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager